MARC L. JACUZZI, BAR NO. 173220
SARAH E. LUCAS, Bar No. 148713
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants Lafayette Orinda Presbyterian Church,
Presbytery of San Francisco and The Synod of the Pacific




IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARILYN TEAKLE,

    Plaintiff,

v.

LAFAYETTE ORINDA PRESBYTERIAN CHURCH; PRESBYTERY OF SAN FRANCISCO, THE SYNOD OF THE PACIFIC; and DOES 1 through 50, inclusive.

    Defendants.

Case No. C 07 2973

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION) EDL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants LAFAYETTE ORINDA PRESBYTERIAN CHURCH, PRESBYTERY OF SAN FRANCISCO AND THE SYNOD OF THE PACIFIC (hereinafter "Defendants") hereby remove to this Court the state court action described below:

1.    On or about May 4, 2007, an action commenced in the Superior Court for the State of California, in and for the County of Contra Costa ("Contra Costa Superior Court"), entitled *Marilyn Teakle v. Lafayette Orinda Presbyterian Church, Presbytery of San Francisco, The Synod of the Pacific and DOES 1 through 50*, as Case No. C 07-00961, which Court is within the jurisdiction of the United States District Court for the Northern District of California. A true and correct copy of the First Amended Complaint in the above-referenced action (the "Complaint") served on Defendant is attached hereto as Exhibit A.

{CLIENT FILES\30879\4\00074613.DOC}

- 1 -

NOTICE OF REMOVAL OF ACTION UNDER 28 USC 1441(B) [FEDERAL QUESTION]

2. Defendant Lafayette Orinda Presbyterian Church first received notice of this action on May 9, 2007, when copies of the Summons, the First Amended Complaint and ADR materials were personally served on Defendants. Defendants Presbytery of San Francisco and The Synod of the Pacific first received notice of this action on May 10, 2007, when they were served with those same documents by means of substituted service. A true and correct copy of the Summons served on Defendants is attached hereto as Exhibit B.

3. All Defendants who have been served with Summons and the First Amended Complaint are jointly filing this Notice of Removal.

4. Pursuant to 28 U.S.C. Section 1446(d), Defendants will promptly file a copy of the Notice of Removal, with exhibits, in the Contra Costa County Superior Court and will promptly serve the same on Plaintiff pursuant to 28 U.S.C. Section 1446(d).

**JURISDICTION**

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Complaint, ¶¶ 8, 10, 14-15.) This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**INTRADISTRICT ASSIGNMENT**

6. A substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Contra Costa County and therefore, assignment to the San Francisco Division of this Court is proper under Civil Local Rule 3-2(c) and (d).

WHEREFORE, Defendants prays that the above-described action be removed from the Superior Court for the State of California, in and for the County of Contra Costa, to the United

///
///
///
///
///

States District Court for the Northern District of California.

Date: June 7, 2007

Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: _____
MARC L. JACUZZI, BAR NO. 173220
SARAH E. LUCAS, Bar No. 148713
Attorneys for Defendants Lafayette Orinda
Presbyterian Church, Presbytery of San Francisco
and The Synod of the Pacific

# EXHIBIT A

DAVID A. DEPOLO, ESQ. (State Bar No. 118205)
AMY K. LEE, ESQ. (State Bar No. 244542)
DONNELLY NELSON DEPOLO & MURRAY LLP
Shadelands Point
2401 Shadelands Drive, Suite 120
Walnut Creek, CA 94598-2428
Tel. No. (925) 287-8181
Fax No. (925) 287-8188

Attorneys for Plaintiff Marilyn Teakle

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| MARILYN TEAKLE,<br><br>Plaintiff,<br><br>vs.<br><br>LAFAYETTE-ORINDA PRESBYTERIAN CHURCH; PRESBYTERY OF SAN FRANCISCO; THE SYNOD OF THE PACIFIC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07-00961<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR DISCRIMINATION, BREACH OF IMPLIED-IN-FACT CONTRACT TO TERMINATE FOR CAUSE, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, WRONGFUL TERMINATION, NEGLIGENT SUPERVISION, and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS [Amount Exceeds $25,000]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Marilyn Teakle, alleges:

1. At all times herein mentioned, Plaintiff Marilyn Teakle was an adult female residing in Contra Costa County, California.

2. At all times relevant, Plaintiff Marilyn Teakle was employed by the Defendants in Contra Costa County, California, and the Defendants' conduct hereinafter alleged occurred in said county and state.

3. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, Defendant Lafayette-Orinda Presbyterian Church was a corporation, providing services to the public within the City of Lafayette, County of Contra Costa, State of California;

1

1 that at all times herein mentioned, Defendant Lafayette-Orinda Presbyterian Church was a
2 corporation under the presbytery of the Presbytery of San Francisco; that at all times herein
3 mentioned, Defendant Presbytery of San Francisco was a corporation operated within the State
4 of California; that at all times herein mentioned, Defendants Lafayette-Orinda Presbyterian
5 Church and the Presbytery of San Francisco were under the auspice of Defendant The Synod
6 of the Pacific; that at all times herein mentioned, Defendant The Synod of the Pacific was a
7 corporation operated within the State of California.

8   4.   Venue in this Court is proper because all of the events complained of occurred
9 within the county and because Defendant Lafeyette-Orinda Presbyterian Church is incorporated
10 and conducts its services within this county.

11   5.   Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and
12 on the basis of that information and belief alleges, that at all times mentioned in this Complaint,
13 Defendants were the agents and employees of their codefendants, and in doing the things
14 alleged in this Complaint, were acting within the course and scope of that agency and
15 employment.

16   6.   Plaintiff does not know the true names of defendants DOES 1 through 50,
17 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes
18 that DOE defendants are California residents. Plaintiff will amend this Complaint, setting forth
19 the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff
20 is informed and believes and on that basis alleges that each of the fictitious defendants has
21 participated in the acts alleged in this Complaint to have been done by the named defendants.

## FIRST CAUSE OF ACTION

### [Age Discrimination Claim under 29 U.S.C. § 621 et seq.]

24   7.   Plaintiff incorporates herein by reference paragraphs 1 through 6, inclusive, of
25 this Complaint as if fully set forth.

26   8.   Plaintiff's claim arises under the Age Discrimination in Employment Act of 1967,
27 as amended (codified at 29 U.S.C. § 621 et seq.) (hereinafter "ADEA").

28   9.   At all times relevant, Defendants were "employers" as defined by 29 U.S.C.

2

FIRST AMENDED COMPALINT FOR DAMAGES                       762-8114/AKL/226602

§ 630(b) and were thus covered by and subject to the ADEA.

10. Plaintiff was born on December 24, 1940 and is presently 66 years of age. As of July 14, 2006, Plaintiff was 65 years of age and at all times relevant was an individual protected by the ADEA.

11. Plaintiff was first employed by Defendants as an Administrative Assistant in 1981, and from January 1, 1983 to July 14, 2006, she was employed full-time. As an Administrative Assistant, Plaintiff's responsibilities were wholly secular.

12. Plaintiff was qualified for the position she held. During the 25 years prior to her wrongful termination, Plaintiff performed all duties required of her as an employee of Defendants in a diligent, proper and satisfactory manner. Plaintiff received regular increases in her salary and commendations for the quality of her work.

13. Plaintiff received positive reviews throughout her employment.

14. On July 14, 2006, Defendants involuntarily terminated Plaintiff's employment, insisting that it was time that she retire. Defendants subsequently replaced Plaintiff with younger people. At the time of Plaintiff's termination, she was an Administrative Assistant supporting Music/Worship and Congregational Care. Upon Plaintiff's termination, the Music/Worship and Congregational Care duties were divided into separate positions. Younger people were hired in each position. Defendants did not consider Plaintiff for either of the revived positions for which Plaintiff had been formerly responsible and that involved substantially the same duties as her previous position. Defendants had a continuing need for services which Plaintiff was qualified to perform after the reorganization.

15. The conduct of Defendants, in terminating Plaintiff's employment and replacing her with younger people, was contrary to and in violation of the provisions of the ADEA, inasmuch as the employment decision of Defendants concerning Plaintiff was based, in whole or in part, on Plaintiff's age.

16. The conduct of Defendants with respect to Plaintiff constituted a willful violation of the ADEA.

17. On January 26, 2007, Plaintiff filed a timely charge of age discrimination

3

1  concerning the conduct of Defendants with the Equal Employment Opportunity Commission in
2  accordance with the ADEA.

3      18.    The Equal Employment Opportunity Commission timely caused a charge of age
4  discrimination to be filed with the Department of Fair Employment and Housing, thereby
5  commencing proceedings for age discrimination conduct of Defendants in accordance with the
6  laws of California and thereby complying with 29 U.S.C. § 633.

7      19.    The Equal Employment Opportunity Commission issued a Notice of Right to Sue
8  on February 8, 2007, attached as Exhibit "A" to the Complaint.

9      20.    As a direct and proximate result of the conduct of Defendants in terminating
10  Plaintiff's employment on July 14, 2006, Plaintiff has and will continue to lose the benefits of
11  Plaintiff's employment with Defendants, including, but not limited to, wages, bonuses, insurance
12  benefits, pension benefits, and reputation.

13      21.    Defendants' discriminatory actions against Plaintiff constituted unlawful
14  employment practices in violation of the ADEA and have caused, and will continue to cause,
15  Plaintiff emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life,
16  embarrassment, humiliation, and other non-pecuniary losses in amounts to be proven at trial.

17  WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

18  **SECOND CAUSE OF ACTION**

19  **[Breach of Implied-In-Fact Contract to Terminate for Cause]**

20      22.    Plaintiff incorporates herein by reference paragraphs 1 through 21, inclusive, of
21  this Complaint as if fully set forth.

22      23.    In 1981, Plaintiff and Defendants entered into an employment contract of
23  indefinite duration.

24      24.    Defendants have, and at all times relevant had, an actual practice of not
25  terminating administrative personnel without good cause.

26      25.    Defendants employed Plaintiff for 25 years with consistent favorable performance
27  reviews, salary increases, and commendations.

28      26.    Plaintiff duly performed all conditions, covenants and promises under the

4

agreement to be performed on her part. Plaintiff has at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

27. As a result of the above-described conduct, Defendants breached their agreement with Plaintiff by subjecting Plaintiff to arbitrary and unfair evaluations and wrongfully terminating her without good cause and an opportunity to be heard.

28. As a result of Defendants' breach of the implied-in-fact-contract, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, the exact amount of which will be proven at trial.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

## THIRD CAUSE OF ACTION

### [Breach of Implied Covenant of Good Faith and Fair Dealing]

29. Plaintiff incorporates herein by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth.

30. Plaintiff and Defendants entered into a valid employment contract in 1981.

31. California law implies a covenant of good faith and fair dealing in all contracts entered into in the State of California.

32. As a result of the employment relationship which existed between Plaintiff and Defendants, the express and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendants promised to act in good faith toward and deal fairly with Plaintiff.

33. Plaintiff did all of the significant things that the contract required her to do, and she was able and offered to fulfill all obligations imposed upon her by the contract.

34. Defendants termination of Plaintiff was wrongful, in bad faith, and unfair, and therefore a violation of Defendants' legal duties. Plaintiff further alleges that Defendants breached the covenant of good faith and fair dealing when they unfairly prevented Plaintiff from obtaining the benefits of her employment relationship and terminated Plaintiff's employment for false reasons and in a manner that was inconsistent with Defendants' stated policies and practices and in violation of the ADEA.

5

FIRST AMENDED COMPALINT FOR DAMAGES

35. Defendants' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiff. As a direct and proximate result of Defendants' unlawful conduct alleged in this Complaint, Plaintiff has lost substantial employment benefits with Defendants, including loss of reputation, lost wages, and other employee fringe benefits, the precise amount of which will be proven at trial.

36. As a further direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which will be proven at trial.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

## FOURTH CAUSE OF ACTION

### [Wrongful Termination in Violation of Public Policy]

37. Plaintiff incorporates herein by reference paragraphs 1 through 36, inclusive, of this Complaint as if fully set forth.

38. The above-described conduct of Defendants constitutes age discrimination and wrongful termination of Plaintiff in violation of public policy embodied in the ADEA, which is a fundamental, substantial, and well-established public policy that affects society at large.

39. As a result of Defendants' wrongful termination of her, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

## FIFTH CAUSE OF ACTION

### [Negligent Supervision of Employees]

40. Plaintiff incorporates herein by reference paragraphs 1 through 39, inclusive, of this Complaint as if fully set forth.

41. At all times relevant, Defendants had a duty to Plaintiff to insure that she was properly supervised in the performance of her duties.

42. By permitting age discrimination by Defendants' managerial and supervisorial

6

FIRST AMENDED COMPALINT FOR DAMAGES

1  employees, Defendants breached their duty to Plaintiff.

2      43.     As a direct and proximate result of such negligent supervision, Plaintiff has been
3  damaged in an amount according to proof.

4      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth;

5  SIXTH CAUSE OF ACTION

6  [Negligent Infliction of Emotional Distress]

7

8      44.     Plaintiff incorporates herein by reference paragraphs 1 through 43, inclusive, of
9  this Complaint as if fully set forth.

10     45.     At all times relevant, Defendants had a duty to Plaintiff to treat Plaintiff fairly in
11 the performance of her job. This duty included the obligation to base all employment decisions
12 on legitimate business related criteria and to maintain a workplace free of age discrimination.

13     46.     Defendants knew or should have known that by the acts and omissions
14 described above, Plaintiff would suffer severe emotional distress.

15     47.     Defendants' acts and omissions described above constituted a breach of
16 Defendants' duty to Plaintiff, in that the acts and omissions of Defendants as set forth above
17 were unreasonable and imprudent.

18     48.     As a direct and proximate result of Defendants' negligence as alleged herein,
19 Plaintiff has suffered and continues to suffer emotional distress and has been damaged in an
20 amount according to proof.

21     WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

22 PRAYER

23 WHEREFORE, Plaintiff prays:

24     1.     For compensatory damages including back pay, all lost benefits, and any other
25 remedies necessary to make Plaintiff whole, with interest thereon;

26     2.     For front pay compensation in lieu of reinstatement until July 14, 2008, a period
27 of three years from the date of her wrongful termination, as Plaintiff's position has been filled;

28     3.     For liquidated damages to Plaintiff in an amount equal to the amount of wages

7

1 | due and owing Plaintiff on account of Defendants' willful violations of 29 U.S.C. §§ 623(a) and
2 | 623(d).
3 |     4.    For the costs of maintaining this action, including reasonable attorney fees, be
4 | awarded to Plaintiff; and
5 |     5.    For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: 5/3/2007

DONNELLY NELSON DEPOLO & MURRAY

By: _/s/ Amy K. Lee_
Amy K. Lee
Attorneys for Plaintiff
MARILYN TEAKLE

8

FIRST AMENDED COMPALINT FOR DAMAGES

# EXHIBIT __

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LAFAYETTE-ORINDA PRESBYTERIAN CHURCH; PRESBYTERY OF
SAN FRANCISCO; THE SYNOD OF THE PACIFIC; and DOES 1
through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARILYN TEAKLE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados local.*

CASE NUMBER: *(Número del Caso):* 07-00961

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street, Room 103
Post Office Box 911
Martinez, CA  94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Depolo, Esq. (#118205)         (925) 287-8181
Amy K. Lee, Esq. (#244542)
DONNELLY NELSON DEPOLO & MURRAY
Walnut Creek, CA  94598-2493

DATE: MAY - 3 2007      Clerk, by S. HABERECHT , Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Lafayette-Orinda Presbyterian Church
   under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1