1  MARC L. JACUZZI, BAR NO. 173220
   SARAH E. LUCAS, Bar No. 148713
2  SIMPSON, GARRITY & INNES
   Professional Corporation
3  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
4  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
5
   Attorneys for Defendants Lafayette Orinda Presbyterian Church,
6  Presbytery of San Francisco and The Synod of the Pacific

7

8              IN THE UNITED STATES DISTRICT COURT

9          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MARILYN TEAKLE,                          )  Case No. C 07 2973 EDL
                                             )
12              Plaintiff,                    )  **CERTIFICATE OF SERVICE OF**
                                             )  **NOTICE TO PLAINTIFF OF**
13         v.                                 )  **REMOVAL TO FEDERAL COURT**
                                             )
14  LAFAYETTE ORINDA PRESBYTERIAN            )
    CHURCH; PRESBYTERY OF SAN FRANCISCO,     )
15  THE SYNOD OF THE PACIFIC; and DOES 1     )
    through 50, inclusive.                    )
16                                           )
                Defendants.                   )
17  _____)

18      I, the undersigned, hereby declare that I am over the age of eighteen years and not a party

19  to the within action.  My business address is 601 Gateway Boulevard, Suite 950, South San

20  Francisco, California  94080.  On the date indicated below, I served a copy of the following

21  documents, a true and correct copy of the attached documents attached hereto:

22      **NOTICE TO PLAINTIFF OF REMOVAL OF CASE TO FEDERAL COURT**

23      **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)**
              **(FEDERAL QUESTION)**
24
        **CERTIFICATE OF INTERESTED ENTITIES OR PARTIES (L.R. 3-16)**
25
        **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE**
26                    **AND ADR DEADLINES**

27  ///

28

1

2     ☑     by **MAIL,** On the date indicated below, I served by mail, a true copy of the following documents.  I am
readily familiar with the practice of this business for collection and processing of documents for mailing with
3     the United States Postal Service.  Documents so collected and processed are placed for collection and deposit
with the United States Postal Service that same day in the ordinary course of business.  The above-referenced
4     document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of
the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United
5     States Postal Service on the date listed below at South San Francisco, California.

6                    David A. Depolo, Esq.

7                    Amy K. Lee, Esq.
                     DONNELLY NELSON DEPOLO & MURRAY LLP
8                    Shadelands Point
                     2401 Shadelands Drive, Suite 120
9                    Walnut Creek, CA  94598-2428
                     (925) 287-8181
10                   (925) 287-8188 (fax)

11

12          I declare under penalty of perjury under the laws of the State of California that the

13     foregoing is true and correct.

14          Executed on June 8, 2007, at South San Francisco, California.

15

16                                        _____
                                          Susan Montalban
17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE OF NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

MARC L. JACUZZI, BAR NO. 173220
SARAH E. LUCAS, Bar No. 148713
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants Lafayette Orinda Presbyterian Church,
Presbytery of San Francisco and The Synod of the Pacific


SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | | |
|---|---|---|
| MARILYN TEAKLE, | ) | Case No. C 07-00961 |
| | ) | |
| Plaintiff, | ) | **NOTICE TO PLAINTIFF OF** |
| | ) | **REMOVAL OF CASE TO FEDERAL** |
| v. | ) | **COURT** |
| | ) | |
| LAFAYETTE ORINDA PRESBYTERIAN | ) | |
| CHURCH; PRESBYTERY OF SAN FRANCISCO, | ) | |
| THE SYNOD OF THE PACIFIC; and DOES 1 | ) | |
| through 50, inclusive. | ) | |
| | ) | |
| Defendants. | ) | |

TO PLAINTIFF MARILYN TEAKLE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in United

States District Court for the Northern District of California on June 7, 2007. A file-stamped copy

of said Notice of Removal is attached as Exhibit A to this Notice, and is served and filed herewith.

Date: June 7 , 2007                    Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: _____
MARC L. JACUZZI, BAR NO. 173220
SARAH E. LUCAS, Bar No. 148713
Attorneys for Defendants Lafayette Orinda
Presbyterian Church, Presbytery of San Francisco
and The Synod of the Pacific

{CLIENT FILES\30879\4\00074612.DOC}                                                        - 1 -
NOTICE TO PLAINTIFF OF REMOVAL OF CASE TO FEDERAL COURT

# EXHIBIT A

1 | MARC L. JACUZZI. BAR NO. 173220
SARAH E. LUCAS, Bar No. 148713
2 | SIMPSON, GARRITY & INNES
Professional Corporation
3 | 601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
4 | Telephone: (650) 615-4860
Fax: (650) 615-4861
5 |
Attorneys for Defendants Lafayette Orinda Presbyterian Church,
6 | Presbytery of San Francisco and The Synod of the Pacific
7 |
8 | IN THE UNITED STATES DISTRICT COURT
9 | IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |
MARILYN TEAKLE,                          ) Case No.
11 |                                        )
                    Plaintiff,           ) **NOTICE OF REMOVAL OF ACTION**
12 |                                        ) **UNDER 28 U.S.C. 1441(b)**
            v.                           ) **(FEDERAL QUESTION)**
13 |                                        )
LAFAYETTE ORINDA PRESBYTERIAN             )
14 | CHURCH; PRESBYTERY OF SAN FRANCISCO, )
THE SYNOD OF THE PACIFIC; and DOES 1      )
15 | through 50, inclusive.                  )
                                        )
16 |                    Defendants.        )
                                        )
17 | ————————————————————————————
18 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:
19 |     PLEASE TAKE NOTICE that Defendants LAFAYETTE ORINDA PRESBYTERIAN
20 | CHURCH, PRESBYTERY OF SAN FRANCISCO AND THE SYNOD OF THE PACIFIC
21 | (hereinafter "Defendants") hereby remove to this Court the state court action described below:
22 |     1.     On or about May 4, 2007, an action commenced in the Superior Court for the State
23 | of California, in and for the County of Contra Costa ("Contra Costa Superior Court"), entitled
24 | *Marilyn Teakle v. Lafayette Orinda Presbyterian Church, Presbytery of San Francisco, The Synod*
25 | *of the Pacific and DOES 1 through 50,* as Case No. C 07-00961, which Court is within the
26 | jurisdiction of the United States District Court for the Northern District of California. A true and
27 | correct copy of the First Amended Complaint in the above-referenced action (the "Complaint")
28 | served on Defendant is attached hereto as Exhibit A.

{CLIENT FILES:30879:4'00074613.DOC}                                    - 1 -

1    2.    Defendant Lafayette Orinda Presbyterian Church first received notice of this action

2    on May 9, 2007, when copies of the Summons, the First Amended Complaint and ADR materials

3    were personally served on Defendants.  Defendants Presbytery of San Francisco and The Synod of

4    the Pacific first received notice of this action on May 10, 2007, when they were served with those

5    same documents by means of substituted service.  A true and correct copy of the Summons served

6    on Defendants is attached hereto as Exhibit B.

7    3.    All Defendants who have been served with Summons and the First Amended

8    Complaint are jointly filing this Notice of Removal.

9    4.    Pursuant to 28 U.S.C. Section 1446(d), Defendants will promptly file a copy of the

10   Notice of Removal, with exhibits, in the Contra Costa County Superior Court and will promptly

11   serve the same on Plaintiff pursuant to 28 U.S.C. Section 1446(d).

12                                     **JURISDICTION**

13   5.    This action is a civil action of which this Court has original jurisdiction under 28

14   U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the

15   provisions of 28 U.S.C. § 1441(b) in that it arises under the federal Age Discrimination in

16   Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Complaint, ¶¶ 8, 10, 14-15.)  This Court

17   has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

18                              **INTRADISTRICT ASSIGNMENT**

19   6.    A substantial part of the events or omissions giving rise to Plaintiff's claim

20   occurred in Contra Costa County and therefore, assignment to the San Francisco Division of this

21   Court is proper under Civil Local Rule 3-2(c) and (d).

22   WHEREFORE, Defendants prays that the above-described action be removed from the

23   Superior Court for the State of California, in and for the County of Contra Costa, to the United

24   ///

25   ///

26   ///

27   ///

28   ///

1 | States District Court for the Northern District of California.

2 | Date: June 7, 2007                          Respectfully submitted,

3 |                                             SIMPSON, GARRITY & INNES
                                                Professional Corporation
4 |

5 |                                             By: _____

6 |                                             MARC L. JACUZZI, BAR NO. 173220
                                                SARAH E. LUCAS, Bar No. 148713
7 |                                             Attorneys for Defendants Lafayette Orinda
                                                Presbyterian Church, Presbytery of San Francisco
8 |                                             and The Synod of the Pacific

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT A

1  DAVID A. DEPOLO, ESQ. (State Bar No. 118205)
   AMY K. LEE, ESQ. (State Bar No. 244542)
2  DONNELLY NELSON DEPOLO & MURRAY LLP
   Shadelands Point
3  2401 Shadelands Drive, Suite 120
   Walnut Creek, CA  94598-2428
4  Tel. No. (925) 287-8181
   Fax No. (925) 287-8188
5

6

7  Attorneys for Plaintiff Marilyn Teakle

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF CONTRA COSTA

10

11  MARILYN TEAKLE,                          Case No. C 07-00961

12          Plaintiff,                        FIRST AMENDED COMPLAINT FOR
                                              DAMAGES FOR DISCRIMINATION, BREACH
13      vs.                                   OF IMPLIED-IN-FACT CONTRACT TO
                                              TERMINATE FOR CAUSE, BREACH OF
14  LAFAYETTE-ORINDA PRESBYTERIAN             IMPLIED COVENANT OF GOOD FAITH AND
    CHURCH; PRESBYTERY OF SAN                 FAIR DEALING, WRONGFUL
15  FRANCISCO; THE SYNOD OF THE PACIFIC;      TERMINATION, NEGLIGENT SUPERVISION,
    and DOES 1 through 50, inclusive,         and NEGLIGENT INFLICTION OF
16                                            EMOTIONAL DISTRESS [Amount Exceeds
            Defendants.                       $25,000]
17
                                             DEMAND FOR JURY TRIAL
18  ────────────────────────────────

19

20      Plaintiff, Marilyn Teakle, alleges:

21      1.    At all times herein mentioned, Plaintiff Marilyn Teakle was an adult female

22  residing in Contra Costa County, California.

23      2.    At all times relevant, Plaintiff Marilyn Teakle was employed by the Defendants in

24  Contra Costa County, California, and the Defendants' conduct hereinafter alleged occurred in

25  said county and state.

26      3.    Plaintiff is informed and believes and on that basis alleges that at all times herein

27  mentioned, Defendant Lafayette-Orinda Presbyterian Church was a corporation, providing

28  services to the public within the City of Lafayette, County of Contra Costa, State of California;

                                        1

FIRST AMENDED COMPALINT FOR DAMAGES                    262-8114/AKL/226502

1   that at all times herein mentioned, Defendant Lafayette-Orinda Presbyterian Church was a

2   corporation under the presbytery of the Presbytery of San Francisco; that at all times herein

3   mentioned, Defendant Presbytery of San Francisco was a corporation operated within the State

4   of California; that at all times herein mentioned, Defendants Lafayette-Orinda Presbyterian

5   Church and the Presbytery of San Francisco were under the auspice of Defendant The Synod

6   of the Pacific; that at all times herein mentioned, Defendant The Synod of the Pacific was a

7   corporation operated within the State of California.

8        4.     Venue in this Court is proper because all of the events complained of occurred

9   within the county and because Defendant Lafayette-Orinda Presbyterian Church is incorporated

10  and conducts its services within this county.

11       5.     Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and

12  on the basis of that information and belief alleges, that at all times mentioned in this Complaint,

13  Defendants were the agents and employees of their codefendants, and in doing the things

14  alleged in this Complaint, were acting within the course and scope of that agency and

15  employment.

16       6.     Plaintiff does not know the true names of defendants DOES 1 through 50,

17  inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes

18  that DOE defendants are California residents.  Plaintiff will amend this Complaint, setting forth

19  the true names and capacities of these fictitious defendants when they are ascertained.  Plaintiff

20  is informed and believes and on that basis alleges that each of the fictitious defendants has

21  participated in the acts alleged in this Complaint to have been done by the named defendants.

22                          **FIRST CAUSE OF ACTION**

23          [Age Discrimination Claim under 29 U.S.C. § 621 et seq.]

24       7.     Plaintiff incorporates herein by reference paragraphs 1 through 6, inclusive, of

25  this Complaint as if fully set forth.

26       8.     Plaintiff's claim arises under the Age Discrimination in Employment Act of 1967,

27  as amended (codified at 29 U.S.C. § 621 et seq.) (hereinafter "ADEA").

28       9.     At all times relevant, Defendants were "employers" as defined by 29 U.S.C.

2

FIRST AMENDED COMPALINT FOR DAMAGES                                      762-8114/AKL/226602

1 § 630(b) and were thus covered by and subject to the ADEA.

2      10.    Plaintiff was born on December 24, 1940 and is presently 66 years of age. As of

3 July 14, 2006, Plaintiff was 65 years of age and at all times relevant was an individual protected

4 by the ADEA.

5      11.    Plaintiff was first employed by Defendants as an Administrative Assistant in

6 1981, and from January 1, 1983 to July 14, 2006, she was employed full-time.  As an

7 Administrative Assistant, Plaintiff's responsibilities were wholly secular.

8      12.    Plaintiff was qualified for the position she held.  During the 25 years prior to her

9 wrongful termination, Plaintiff performed all duties required of her as an employee of Defendants

10 in a diligent, proper and satisfactory manner.  Plaintiff received regular increases in her salary

11 and commendations for the quality of her work.

12      13.    Plaintiff received positive reviews throughout her employment.

13      14.    On July 14, 2006, Defendants involuntarily terminated Plaintiff's employment,

14 insisting that it was time that she retire.  Defendants subsequently replaced Plaintiff with

15 younger people.  At the time of Plaintiff's termination, she was an Administrative Assistant

16 supporting Music/Worship and Congregational Care.  Upon Plaintiff's termination, the

17 Music/Worship and Congregational Care duties were divided into separate positions.  Younger

18 people were hired in each position.  Defendants did not consider Plaintiff for either of the revived

19 positions for which Plaintiff had been formerly responsible and that involved substantially the

20 same duties as her previous position.  Defendants had a continuing need for services which

21 Plaintiff was qualified to perform after the reorganization.

22      15.    The conduct of Defendants, in terminating Plaintiff's employment and replacing

23 her with younger people, was contrary to and in violation of the provisions of the ADEA,

24 inasmuch as the employment decision of Defendants concerning Plaintiff was based, in whole

25 or in part, on Plaintiff's age.

26      16.    The conduct of Defendants with respect to Plaintiff constituted a willful violation

27 of the ADEA.

28      17.    On January 26, 2007, Plaintiff filed a timely charge of age discrimination

1  concerning the conduct of Defendants with the Equal Employment Opportunity Commission in
2  accordance with the ADEA.

3       18.    The Equal Employment Opportunity Commission timely caused a charge of age
4  discrimination to be filed with the Department of Fair Employment and Housing, thereby
5  commencing proceedings for age discrimination conduct of Defendants in accordance with the
6  laws of California and thereby complying with 29 U.S.C. § 633.

7       19.    The Equal Employment Opportunity Commission issued a Notice of Right to Sue
8  on February 8, 2007, attached as Exhibit "A" to the Complaint.

9       20.    As a direct and proximate result of the conduct of Defendants in terminating
10  Plaintiff's employment on July 14, 2006, Plaintiff has and will continue to lose the benefits of
11  Plaintiff's employment with Defendants, including, but not limited to, wages, bonuses, insurance
12  benefits, pension benefits, and reputation.

13       21.    Defendants'  discriminatory  actions  against  Plaintiff  constituted  unlawful
14  employment practices in violation of the ADEA and have caused, and will continue to cause,
15  Plaintiff emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life,
16  embarrassment, humiliation, and other non-pecuniary losses in amounts to be proven at trial.

17       WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

18                       **SECOND CAUSE OF ACTION**

19          **[Breach of Implied-In-Fact Contract to Terminate for Cause]**

20       22.    Plaintiff incorporates herein by reference paragraphs 1 through 21, inclusive, of
21  this Complaint as if fully set forth.

22       23.    In 1981, Plaintiff and Defendants entered into an employment contract of
23  indefinite duration.

24       24.    Defendants have, and at all times relevant had, an actual practice of not
25  terminating administrative personnel without good cause.

26       25.    Defendants employed Plaintiff for 25 years with consistent favorable performance
27  reviews, salary increases, and commendations.

28       26.    Plaintiff  duly  performed  all  conditions,  covenants  and  promises  under  the

FIRST AMENDED COMPALINT FOR DAMAGES

1   agreement to be performed on her part. Plaintiff has at all times been ready, willing and able to

2   perform all of the conditions of the agreement to be performed by her.

3       27.    As a result of the above-described conduct, Defendants breached their

4   agreement with Plaintiff by subjecting Plaintiff to arbitrary and unfair evaluations and wrongfully

5   terminating her without good cause and an opportunity to be heard.

6       28.    As a result of Defendants' breach of the implied-in-fact-contract, Plaintiff has

7   suffered and continues to suffer damages, in the form of lost wages and other employment

8   benefits, the exact amount of which will be proven at trial.

9       WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

10                        ### THIRD CAUSE OF ACTION

11              ### [Breach of Implied Covenant of Good Faith and Fair Dealing]

12      29.    Plaintiff incorporates herein by reference paragraphs 1 through 28, inclusive, of

13   this Complaint as if fully set forth.

14      30.    Plaintiff and Defendants entered into a valid employment contract in 1981.

15      31.    California law implies a covenant of good faith and fair dealing in all contracts

16   entered into in the State of California.

17      32.    As a result of the employment relationship which existed between Plaintiff and

18   Defendants, the express and implied promises made in connection with that relationship, and

19   the acts, conduct, and communications resulting in these implied promises, Defendants

20   promised to act in good faith toward and deal fairly with Plaintiff.

21      33.    Plaintiff did all of the significant things that the contract required her to do, and

22   she was able and offered to fulfill all obligations imposed upon her by the contract.

23      34.    Defendants termination of Plaintiff was wrongful, in bad faith, and unfair, and

24   therefore a violation of Defendants' legal duties. Plaintiff further alleges that Defendants

25   breached the covenant of good faith and fair dealing when they unfairly prevented Plaintiff from

26   obtaining the benefits of her employment relationship and terminated Plaintiff's employment for

27   false reasons and in a manner that was inconsistent with Defendants' stated policies and

28   practices and in violation of the ADEA.

                                5

35.    Defendants' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiff. As a direct and proximate result of Defendants' unlawful conduct alleged in this Complaint, Plaintiff has lost substantial employment benefits with Defendants, including loss of reputation, lost wages, and other employee fringe benefits, the precise amount of which will be proven at trial.

36.    As a further direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which will be proven at trial.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

## FOURTH CAUSE OF ACTION

### [Wrongful Termination in Violation of Public Policy]

37.    Plaintiff incorporates herein by reference paragraphs 1 through 36, inclusive, of this Complaint as if fully set forth.

38.    The above-described conduct of Defendants constitutes age discrimination and wrongful termination of Plaintiff in violation of public policy embodied in the ADEA, which is a fundamental, substantial, and well-established public policy that affects society at large.

39.    As a result of Defendants' wrongful termination of her, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

## FIFTH CAUSE OF ACTION

### [Negligent Supervision of Employees]

40.    Plaintiff incorporates herein by reference paragraphs 1 through 39, inclusive, of this Complaint as if fully set forth.

41.    At all times relevant, Defendants had a duty to Plaintiff to insure that she was properly supervised in the performance of her duties.

42.    By permitting age discrimination by Defendants' managerial and supervisorial

6

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | employees, Defendants breached their duty to Plaintiff.

2 |      43.    As a direct and proximate result of such negligent supervision, Plaintiff has been

3 | damaged in an amount according to proof.

4 |      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth;

5 | **SIXTH CAUSE OF ACTION**

6 | **[Negligent Infliction of Emotional Distress]**

7 |

8 |      44.    Plaintiff incorporates herein by reference paragraphs 1 through 43, inclusive, of

9 | this Complaint as if fully set forth.

10 |      45.    At all times relevant, Defendants had a duty to Plaintiff to treat Plaintiff fairly in

11 | the performance of her job.  This duty included the obligation to base all employment decisions

12 | on legitimate business related criteria and to maintain a workplace free of age discrimination.

13 |      46.    Defendants knew or should have known that by the acts and omissions

14 | described above, Plaintiff would suffer severe emotional distress.

15 |      47.    Defendants' acts and omissions described above constituted a breach of

16 | Defendants' duty to Plaintiff, in that the acts and omissions of Defendants as set forth above

17 | were unreasonable and imprudent.

18 |      48.    As a direct and proximate result of Defendants' negligence as alleged herein,

19 | Plaintiff has suffered and continues to suffer emotional distress and has been damaged in an

20 | amount according to proof.

21 |      WHEREFORE, Plaintiff prays for Judgment as hereinafter set forth;

22 | **PRAYER**

23 | WHEREFORE, Plaintiff prays:

24 |      1.    For compensatory damages including back pay, all lost benefits, and any other

25 | remedies necessary to make Plaintiff whole, with interest thereon;

26 |      2.    For front pay compensation in lieu of reinstatement until July 14, 2009, a period

27 | of three years from the date of her wrongful termination, as Plaintiff's position has been filled;

28 |      3.    For liquidated damages to Plaintiff in an amount equal to the amount of wages

7

1    due and owing Plaintiff on account of Defendants' willful violations of 29 U.S.C. §§ 623(a) and

2    623(d);

3        4.      For the costs of maintaining this action, including reasonable attorney fees, be

4    awarded to Plaintiff; and

5        5.      For such other and further relief as this Court may deem just and proper.

6                                **DEMAND FOR JURY TRIAL**

7        Plaintiff hereby demands trial of this matter by jury.

8    Dated: 5/3/2007

9                                        DONNELLY NELSON DEPOLO & MURRAY

10

11                                       By:  _____

12                                             Amy K. Lee
                                             Attorneys for Plaintiff
13                                           MARILYN TEAKLE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LAFAYETTE-ORINDA PRESBYTERIAN CHURCH; PRESBYTERY OF
SAN FRANCISCO; THE SYNOD OF THE PACIFIC; and DOES 1
through 50, inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARILYN TEAKLE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>725 Court Street, Room 103<br>Post Office Box 911<br>Martinez, CA  94553 | CASE NUMBER:<br>*(Número del Caso):*<br>07 - 00961 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Depolo, Esq. (#118205)                    (925) 287-8181
Amy K. Lee, Esq. (#244542)
DONNELLY NELSON DEPOLO & MURRAY
Walnut Creek, CA  94598-2493

DATE:                          MAY - 3 2007        Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                              *(Adjunto)*

S. HARBRECHT

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Lafayette-Orinda Presbyteria church

under: [X] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

COPY

E-filing

1  MARC L. JACUZZI, BAR NO. 173220
   SARAH E. LUCAS, Bar No. 148713
2  SIMPSON, GARRITY & INNES
   Professional Corporation
3  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
4  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
5
   Attorneys for Defendants Lafayette Orinda Presbyterian Church,
6  Presbytery of San Francisco and The Synod of the Pacific

7

8                    IN THE UNITED STATES DISTRICT COURT

9               IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 MARILYN TEAKLE,                         )  Case No.
                                           )
11                    Plaintiff,           )  CERTIFICATE OF INTERESTED
                                           )  ENTITIES OR PARTIES
12          v.                             )  (L.R. 3-16)
                                           )
13 LAFAYETTE ORINDA PRESBYTERIAN           )
   CHURCH; PRESBYTERY OF SAN FRANCISCO;    )
14 THE SYNOD OF THE PACIFIC; and DOES 1    )
15 through 50, inclusive,                  )
                                           )
16                    Defendants.          )
                                           )
17

18        Pursuant to Civil L.R. 3-16, the undersigned counsel of record for Defendant Lafayette

19 Orinda Presbyterian Church, Presbytery of San Francisco and The Synod of the Pacific, certifies

20 that as of this date, other than the named parties, there is no such interest to report.

21 Date:  June  7 , 2007                Respectfully submitted,

22                                      SIMPSON, GARRITY & INNES
                                        Professional Corporation
23

24
                                        By: _____
25                                          MARC L. JACUZZI, BAR NO. 173220
                                            SARAH E. LUCAS, Bar No. 148713
26                                          Attorneys for Defendants Lafayette Orinda
                                            Presbyterian Church, Presbytery of San Francisco
27                                          and The Synod of the Pacific

28

COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARILYN TEAKLE, 

Plaintiff (s),

v.

LAFAYETTE ORINDA PRESBYTERIAN
CHURCH,

Defendant(s).

No. C 07-02973 EDL

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Elizabeth D. Laporte.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/7/2007 | Notice of removal filed | |
| 8/21/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 9/4/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 9/11/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm E, 15th Floor, SF at 3:00 PM | Civil L.R. 16-10 |

STANDING ORDER

Magistrate Judge Elizabeth D. Laporte

1)    Civil law and motion is heard on Tuesdays at 9:00 a.m.  Criminal law and motion is heard on
       Tuesdays at 1:15 p.m.  Counsel need not reserve a hearing date in advance.  However, noticed
       dates may be reset as the court's calendar requires.

2)    Case Management Conferences are held on Tuesdays at 10:00 a.m.  Pretrial Conferences are held
       on Tuesdays at 2:00 p.m.

3)    Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on
       not less than 35 days pursuant to Civil L.R. 7-2.  Alternatively, any party may seek an order to
       shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief.  In
       emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

       In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a
       protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to
       resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).
       The Court will not consider discovery motions unless the moving party has complied with Fed.
       R. Civ. P. 37 and Civil L.R. 37-1(a).

4)    The Court strives to set matters and render decisions in a timely manner.  The Court encourages
       parties to advise the Court by letter to chambers of any matter that appears to have been unduly
       delayed.

IT IS SO ORDERED.

Dated: July 26, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| Plaintiff(s), | No.    EDL |
| v. | STANDING ORDER RE<br>CASE MANAGEMENT CONFERENCE |
| Defendant(s). | |

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order, including **a discovery plan and discovery limits** and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), <u>**lead trial counsel shall attend the Case Management Conference**</u> and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

Dated: January 26, 2001

ELIZABETH D. LAPORTE
United States Magistrate Judge

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.   Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## ELIZABETH D. LAPORTE

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc-2-03.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).

No. C

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).

No. C

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
## 415.522.2000
### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |



**EDL**

---

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

---

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court
(Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not
efiled)** to the **PDF email box for the presiding judge** (not the referring
judge, if there is one) **within 10 (ten) business days** of the opening of your
case.  For a complete list of the email addresses, please go to:
**http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all
relevant emails to the court.  You do not need to wait for your registration to
email these documents.

These documents must be emailed instead of e-filed to prevent duplicate
entries in the ECF system.  All other documents must be e-filed from then on.
You do not need to efile or email the Civil Cover Sheet, Summons, or any
documents issued by the court at case opening; note that you do need to efile
the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any
documents may be submitted to the Court's electronic filing system.
Instructions for creating PDF files can be found at the ECF web site:
**http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of
the email **must** contain the **case number**, **judge's initials** and the **type of
document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999
before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
| --- | --- |
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.