DAVID A. DEPOLO, ESQ. (State Bar No. 118205)
AMY K. LEE, ESQ. (State Bar No. 244542)
DONNELLY NELSON DEPOLO & MURRAY LLP
Shadelands Point
2401 Shadelands Drive, Suite 120
Walnut Creek, CA 94598-2428
Tel. No. (925) 287-8181
Fax No. (925) 287-8188

Attorneys for Plaintiff
Marilyn Teakle

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN TEAKLE, | Case No. C07-02973 EDL |
| Plaintiff, | **PROOF OF SERVICE BY MAIL**<br>C.C.P. §§1013(a), 2015.5 |
| vs. | Date: September 11, 2007<br>Time: 3:00 p.m.<br>Courtroom: E |
| LAFAYETTE ORINDA PRESBYTERIAN CHURCH; PRESBYTERY OF SAN FRANCISCO; THE SYNOD OF THE PACIFIC; and DOES 1 through 50, inclusive, | |
| Defendants. | |

I declare under penalty of perjury that:

I am a citizen of the United States and am employed in the County of Contra Costa. I am over the age of eighteen years and not a party to the within action. My business address is 2401 Shadelands Drive, Suite 120, Walnut Creek, CA 94598-2428. On September 7, 2007, I served a copy of the **CLERK'S NOTICE (Scheduling Case Management Conference in Reassigned Case)** on the parties in this action by placing the true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed as follows:

| | |
|---|---|
| Marc L. Jacuzzi, Esq.<br>Simpson Garrity & Innes, PC<br>601 Gateway Blvd., Suite 950<br>South San Francisco, CA 94080<br>Fax: (650) 615-4861 | Counsel for Defendants Lafayette Orinda Presbyterian Church, Presbytery of San Francisco and The Synod of the Pacific |

1

1 | Executed this 7th day of September, 2007 at Walnut Creek, California.

_____
Sharon K. Everson

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN TEAKLE, | No. C 07-02973 MHP |
| Plaintiff(s), | **CLERK'S NOTICE** |
| v. | (Scheduling Case Management Conference in Reassigned Case) |
| LAFAYETTE ORINDA PRESBYTERIAN CHURCH, | |
| Defendant(s) | |

This case, having been reassigned to the Honorable Marilyn Hall Patel and all pending hearing dates thus vacated, is hereby scheduled for a case management conference on **Monday, October 22, 2007, at 4:00 p.m.** A Joint Case Management Statement is due ten days prior to the conference. Plaintiff is responsible for forwarding a copy of the form for the Joint Case Management Statement on all defendants, and shall also serve a copy of this notice on all defendants.

Richard W. Wieking
Clerk, U.S. District Court

Dated: September 7, 2007

Anthony Bowser, Deputy Clerk to the
Honorable Marilyn Hall Patel
(415) 522-3140

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.