1   DAVID A. DEPOLO, ESQ. (State Bar No. 118205)
    AMY K. LEE, ESQ. (State Bar No. 244542)
2   DONNELLY NELSON DEPOLO & MURRAY LLP
    Shadelands Point
3   2401 Shadelands Drive, Suite 120
    Walnut Creek, CA 94598-2428
4   Tel. No. (925) 287-8181
    Fax No. (925) 287-8188
5
    Attorneys for Plaintiff
6   Marilyn Teakle

7   MARC L. JACUZZI, ESQ. (State Bar No. 173220)
    KENDALL BURTON, ESQ. (State Bar No. 228720)
8   SIMPSON, GARRITY & INNES
    Professional Corporation
9   601 Gateway Boulevard, Suite 950
    South San Francisco, CA 94080
10  Tel. No. (650) 615-4860
    Fax No. (650) 615-4861
11
    Attorneys for Defendants Lafayette Orinda Presbyterian Church,
12  Presbytery of San Francisco and The Synod of the Pacific

13              IN THE UNITED STATES DISTRICT COURT

14           FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16  MARILYN TEAKLE,                        Case No. C07-02973 EDL

17         Plaintiff,                      **JOINT CASE MANAGEMENT CONFERENCE**
18                                         **STATEMENT**
           vs.
19                                         **Date:** October 22, 2007
    LAFAYETTE ORINDA PRESBYTERIAN          **Time:** 4:00 p.m.
20  CHURCH; PRESBYTERY OF SAN              **Courtroom:** 15
    FRANCISCO; THE SYNOD OF THE PACIFIC;
21  and DOES 1 through 50, inclusive,

22         Defendants.

23

24         Plaintiff and Defendants, through their respective counsel hereby submit the following

25  Joint Rule 26(f) Report pursuant to this Court's Order Setting Initial Case Management

26  Conference.

27      1.    **Jurisdiction and Service:**

28      All Defendants have been served.
                        {Client Files\30879\4\00078412.DOC}1

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**          762-8114/AKL/00078412.DOC

　
1    This action was originally filed in the Superior Court for the State of California, County of

2    Contra Costa, Case No. C 07-00961, entitled *Marilyn Teakle v. Lafayette Orinda Presbyterian*

3    *Church, Presbytery of San Francisco, The Synod of the Pacific and DOES 1 through 50.* The

4    United States District Court has original jurisdiction under 28 U.S.C. § 1331. The action was

5    properly removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b)

6    in that it arises under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §

7    621, et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

8    to 28 U.S.C. § 1367(a). The date to move to remand has passed.

9        **2.    Facts**

10       **Plaintiff Marilyn Teakle's Statement of Facts**

11       Ms. Teakle was born on December 24, 1940 and was 65 years old at the time of her

12   termination on July 14, 2006. She was first employed by Defendants as an administrative

13   assistant in 1981, and from January 1, 1983 to July 14, 2006, she was employed full-time. As

14   an administrative assistant, Ms. Teakle's responsibilities were wholly secular. In 1981,

15   Ms. Teakle and Defendants had entered into an employment contract of indefinite duration.

16   Defendants have had an actual practice of not terminating administrative personnel without

17   good cause. Ms. Teakle was qualified for the position she held. During the 25 years prior to her

18   wrongful termination, Ms. Teakle performed all duties required of her as an employee of

19   Defendants in a diligent, proper and satisfactory manner. Ms. Teakle received regular

20   increases in her salary and commendations for the quality of her work. On July 14, 2006,

21   Defendants involuntarily terminated and retired Ms. Teakle, insisting that it was time that she

22   retire. Defendants subsequently replaced Ms. Teakle with younger people. At the time of

23   Ms. Teakle's termination, she was an administrative assistant supporting Music/Worship and

24   Congregational Care. Upon her termination, the Music/Worship and Congregational Care

25   duties were divided into separate positions. Younger people were hired in each position.

26   Defendants did not consider Ms. Teakle for either of the revived positions for which she had

27   been formerly responsible and that involved substantially the same duties as her previous

28   position. Defendants had a continuing need for services which Ms. Teakle was qualified to

{Client Files\30879\4\00078412.DOC}2

---

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**                    762-8114/AKL/00078412.DOC

1    perform after the reorganization.   The conduct of Defendants in terminating Ms. Teakle's
2    employment and replacing her with younger people was contrary to and in violation of the
3    provisions of the ADEA.

4        **Defendants' Statement of Facts**

5        Ms. Teakle was hired by Defendant Lafayette-Orinda Presbyterian Church ("LOPC") in
6    1981. Ms. Teakle was never employed in any capacity by Defendant Synod of the Pacific
7    ("Synod") or Defendant Presbytery of San Francisco ("Presbytery").   During her years of
8    employment with LOPC, Ms. Teakle performed various administrative assistant functions.
9    Ms. Teakle was a full-time administrative assistant who was supposed to provide support for
10   Music/Worship and Congregational Care at the time of her termination. Ms. Teakle was
11   employed at will. Employment at LOPC has always been at-will; LOPC has no practice of
12   terminating employees only for good cause. As an at-will employee, Ms. Teakle could be
13   terminated at any time, with or without cause. LOPC terminated Ms. Teakle's employment on or
14   about July 14, 2006. LOPC did not terminate Ms. Teakle based on her age. Ms. Teakle was
15   terminated because her position, full-time Administrative Assistant providing support to the
16   Music and Worship Director and Congregational Care, was eliminated during a staffing
17   reorganization. After the full-time Administrative Assistant position was eliminated, LOPC
18   created a new part-time position to provide support, both administrative support and project
19   coordination, to the Music and Worship department, a new part-time position to handle certain
20   Congregational Care responsibilities, and assigned certain LOPC publication graphics and
21   layout responsibilities to an independent contractor. LOPC also based its decision to terminate
22   Ms. Teakle in part based on her performance. Ms. Teakle was not meeting performance
23   expectations at the time of her termination. LOPC did not "insist" that Ms. Teakle retire. LOPC
24   offered Ms. Teakle the option of announcing to the LOPC congregation that she was retiring
25   from LOPC rather than explaining that her position had been eliminated during LOPC's
26   reorganization or that she was terminated for failing to perform to expectations. In recognition of
27   her many years of service, LOPC continued to pay Ms. Teakle her salary and benefits for six
28   {Client Files\30879\4\00078412 DOC}3

months following her termination and offered to organize a congregation-wide event in her honor.

**3.    Principal Legal Issues Disputed By Parties:**

1.    Whether Synod and/or Presbytery employed Plaintiff.

2.    Whether Defendants LOPC, Synod, and/or Presbytery terminated Plaintiff's employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

3.    Whether Defendants LOPC, Synod, and/or Presbytery willfully violated the ADEA by terminating Plaintiff's employment.

4    Whether Defendants LOPC, Synod, and/or Presbytery terminated Plaintiff's employment in violation of an implied-in-fact contract to terminate only for cause.

5.    Whether Defendants LOPC, Synod, and/or Presbytery's termination of Plaintiff's employment constituted a breach of the implied covenant of good faith and fair dealing.

6.    Whether Defendants LOPC, Synod, and/or Presbytery wrongfully terminated Plaintiff's employment in violation of the public policy expressed in the ADEA.

7.    Whether Plaintiff's employment was terminated due to legitimate business reasons.

8.    Whether Defendants LOPC, Synod, and/or Presbytery negligently supervised their employees such that age discrimination by Defendants' managers and supervisors was permitted.

9.    Whether Defendants LOPC, Synod, and/or Presbytery took all reasonable steps necessary to prevent discrimination in the workplace.

10.    Whether Defendants Synod and/or Presbytery owed any legal duty to Plaintiff

11.    Whether Defendants' conduct negligently caused Plaintiff to suffer emotional distress.

12.    Whether Plaintiff is entitled to recover compensatory damages as a result of Defendants' conduct. [Client Files\30879\4\00078412 DOC]4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    762-8114/AKL/00078412 DOC

1   13. Whether Plaintiff has failed to mitigate her alleged damages.

2   14. Whether Plaintiff is entitled to an award of reasonable attorneys' fees.

3   15. Whether Plaintiff is entitled to an award of liquidated damages.

4   16. Whether Plaintiff's claims are barred by the applicable statutes of limitations or

5     equitable doctrines including, but not limited to, waiver, estoppel, unclean hands

6     or laches.

7   17. Whether Plaintiff exhausted her administrative remedies before filing this lawsuit.

8   **4.** **Motions:**

9   No motions have been filed to date in this action.

10   Ms. Teakle anticipates filing a motion for summary judgment as to one of more of

11 Defendants' affirmative defenses, motions in limine, and any necessary discovery motions.

12   Defendants anticipate filing a motion for summary judgment, motions in limine, and any

13 necessary discovery motions.

14   **5.** **Amendment of Pleadings:**

15   The parties do not currently anticipate filing any amended pleadings, though amended

16 pleadings may be filed as new information is learned during discovery.

17   **6.** **Evidence Preservation:**

18   Ms. Teakle has retained all physical records in her possession. She does not have any

19 voicemails or other electronically-recorded material relevant to the issues reasonably evident in

20 this action.

21   Defendants have taken the following steps to preserve relevant evidence: Defendants

22 were advised to retain all documents and electronically stored information, such as voice mails,

23 e-mails, and word processing documents, that may be relevant to Plaintiff's claims or

24 Defendants' defenses and/or is reasonably likely to be requested during discovery.

25   **7.** **Disclosures:**

26   Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure are scheduled

27 concurrently with the filing of this Joint Case Management Statement.

28

{Client Files\30879\4\00078412.DOC}5

**8.    Discovery:**

By the time of the Scheduling Conference, the parties will have completed their initial exchange of information.

Plaintiff Marilyn Teakle has served initial requests for production of documents, requests for admission, and special interrogatories on each Defendant.   Ms. Teakle has also served deposition notices on Defendants' employees Chuck Fry and Julie Ford.

The parties have agreed that California discovery cut-off rules will apply.   Other than that, the parties do not presently anticipate requesting any limitations or modifications of the discovery rules.

**Ms. Teakle's Proposed Discovery Plan**

Depositions of Lafayette Orinda Presbyterian Church employees by December 2007

Depositions of Persons Most Knowledgeable at Presbytery of San Francisco and The Synod of the Pacific by December 2007

Depositions of Third Parties by December 2007

Additional Written Discovery by December 2007

Expert Witness Discovery by January 2007

**Defendants' Proposed Discovery Plan**

Defendants intend to take the deposition of Plaintiff by December 2007.

The parties have agreed that California discovery cut-off rules will apply.   Therefore, fact discovery must be completed 30 days before the initial trial date and expert discovery must be completed 15 days before the initial trial date.

**9.    Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**10.    Relief**

Ms. Teakle seeks damages for past and future loss of wages and benefits of employment, and interest on the same.   She seeks damages for emotional distress and reasonable attorneys' fees and costs.

{Client Files\30879\4\00078412.DOC}6

1   Ms. Teakle has not located comparable replacement employment. Ms. Teakle estimates

2 her damages as follows:

3    a) Base wage loss of approximately $20,000 to date, and continuing until Ms. Teakle

4     secures comparable replacement employment;

5    b) Front pay compensation of approximately $150,000 in lieu of reinstatement as Ms

6     Teakle's position has been filled.

7    c) Lost benefits of employment estimated at $20,000.00 to date, and continuing until

8     Ms. Teakle secures comparable replacement employment;

9    d) Emotional distress damages in an amount to be determined, which are ongoing;

10    e) Costs and attorneys' fees, in an amount to be determined following trial, but which

11     will probably exceed $200,000.

12   **11.**  **Settlement and ADR:**

13   The parties have agreed to private mediation with Hon. Ellen Sickles James (Ret.) with

14 JAMS.

15   **12.**  **Consent to Magistrate Judge For All Purposes:**

16   The parties do not agree to have a magistrate judge conduct all further proceedings in

17 this matter, including trial. Defendants have filed a Declination to Proceed Before a Magistrate

18 Judge and Request for Reassignment to a United States District Judge.

19   **13.**  **Other References:**

20   The matter is not suitable for reference to binding arbitration, a special master, or the

21 Judicial Panel on Multidistrict Litigation.

22   **14.**  **Narrowing of the Issues:**

23   As the parties have just begun conducting discovery, they lack sufficient information

24 about the matter to narrow the issues by agreement, but agree to continue to engage in good

25 faith discussions to narrow the issues as the case progresses.

26   **15.**  **Expedited Schedule:**

27   This case is not amendable to an expedited schedule.

28

16.    **Scheduling:**

Plaintiff Ms. Teakle seeks a trial date in February 2008. Defendants seek a trial date in May 2008. Whatever trial date is chosen, Plaintiff and Defendants agree that the California rules regarding discovery deadlines will apply.

17.    **Trial**

The case will be tried to a jury. The expected length of trial is 7 to 10 court days.

18.    **Disclosure of Non-Party Interested Entities or Persons:**

The parties have filed Disclosures of Non-Party Interested Entities or Persons. Pursuant to Civil L.R. 3-16, the counsels of record for both Plaintiff and Defendants certify that as of this date, other than the named parties, there is no such interest to report.

19.    **Other Matters:**

The parties are not currently aware of any other matters that may facilitate the just, speedy, or inexpensive resolution of this matter.

Dated: 10/4/2007

DONNELLY NELSON DEPOLO & MURRAY

By: _____
     AMY K. LEE
     Attorneys for Plaintiff
     Marilyn Teakle

Dated: 10/4/2007

SIMPSON, GARRITY & INNES

By: _____
     KENDALL BURTON
     Attorneys for Defendants
     Lafayette Orinda Presbyterian Church,
     Presbytery of San Francisco and The Synod
     of the Pacific

{Client Files\30879\4\00078412 DOC}8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

762-8114/AKL/00078412 DOC

1

## PROOF OF SERVICE BY MAIL – C.C.P. §§1013(A), 2015.5

2   I declare under penalty of perjury that:

3   I am a citizen of the United States and am employed in the County of Contra Costa. I

4   am over the age of eighteen years and not a party to the within action. My business address is

5   2401 Shadelands Drive, Suite 120, Walnut Creek, CA 94598-2428. On October 5, 2007, I

6   served the within **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on the parties in

7   this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon

8   fully paid, in the United States mail at Walnut Creek, California, addressed as follows:

9   Marc L. Jacuzzi, Esq.                          Counsel for Defendants Lafayette Orinda
    Simpson Garrity & Innes, PC                    Presbyterian Church, Presbytery of San
10  601 Gateway Blvd., Suite 950                   Francisco and The Synod of the Pacific
    South San Francisco, CA 94080

11

12

13   Executed on October 5, 2007 at Walnut Creek, California.

14

15                                               Sharon K. Everson

16

17

18

19

20

21

22

23

24

25

26

27

28

1

C07-02973 MHP:  PROOF OF SERVICE                                    762-8114/SKE/235432.doc