1  DAVID A. DEPOLO, ESQ. (State Bar No. 118205)
   AMY K. LEE, ESQ. (State Bar No. 244542)
2  DONNELLY NELSON DEPOLO & MURRAY LLP
   Shadelands Point
3  2401 Shadelands Drive, Suite 120
   Walnut Creek, CA 94598-2428
4  Tel. No. (925) 287-8181
   Fax No. (925) 287-8188
5
   Attorneys for Plaintiff
6  Marilyn Teakle

7  MARC L. JACUZZI, ESQ. (State Bar No. 173220)
   KENDALL BURTON, ESQ. (State Bar No. 228720)
8  SIMPSON, GARRITY & INNES
   Professional Corporation
9  601 Gateway Boulevard, Suite 950
   South San Francisco, CA 94080
10 Tel. No. (650) 615-4860
   Fax No. (650) 615-4861
11
   Attorneys for Defendant Lafayette Orinda Presbyterian Church
12

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 MARILYN TEAKLE,                    Case No. CV-02973-MHP

17         Plaintiff,                 **JOINT CASE MANAGEMENT**
                                      **CONFERENCE STATEMENT**
18         vs.
                                      **Date:** January 28, 2008
19 LAFAYETTE ORINDA PRESBYTERIAN       **Time:** 3:00 p.m.
   CHURCH; PRESBYTERY OF SAN          **Courtroom:** 15
20 FRANCISCO; THE SYNOD OF THE
   PACIFIC; and DOES 1 through 50, inclusive,
21
          Defendants.
22

23      Plaintiff Marilyn Teakle and Defendant Lafayette Orinda Presbyterian Church ("LOPC"),

24 through their respective counsel, hereby submit the following Joint Case Management Statement:

25      1.   <u>Jurisdiction and Service:</u>

26      Defendant has been served.

27      This action was originally filed in the Superior Court for the State of California, County

28 of Contra Costa, Case No. C 07-00961, entitled *Marilyn Teakle v. Lafayette Orinda Presbyterian*
                        [Client Files\30879\4\00083643.DOC] 1

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    762-8114/AKL/00083643.DOC

1   *Church, Presbytery of San Francisco, The Synod of the Pacific and DOES 1 through 50.* The

2   United States District Court has original jurisdiction under 28 U.S.C. § 1331. The action was

3   properly removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b)

4   in that it arises under the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

5   § 621, et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

6   to 28 U.S.C. § 1367(a). The date to move to remand has passed.

7        **2.**    **Facts**

8        **Plaintiff Marilyn Teakle's Statement of Facts**

9        Ms. Teakle was born on December 24, 1940 and was 65 years old at the time of her

10   termination on July 14, 2006. She was first employed by LOPC as an administrative assistant in

11   1981, and from January 1, 1983 to July 14, 2006, she was employed full-time. As an

12   administrative assistant, Ms. Teakle's responsibilities were wholly secular. In 1981, Ms. Teakle

13   and LOPC had entered into an employment contract of indefinite duration. LOPC has had an

14   actual practice of not terminating administrative personnel without good cause. Ms. Teakle was

15   qualified for the position she held. During the 25 years prior to her wrongful termination, Ms.

16   Teakle performed all duties required of her as an employee of LOPC in a diligent, proper and

17   satisfactory manner. Ms. Teakle received regular increases in her salary and commendations for

18   the quality of her work. On July 14, 2006, LOPC involuntarily terminated and retired Ms.

19   Teakle, insisting that it was time that she retire. LOPC subsequently replaced Ms. Teakle with

20   younger people. At the time of Ms. Teakle's termination, she was an administrative assistant

21   supporting Music/Worship and Congregational Care. Upon her termination, the Music/Worship

22   and Congregational Care duties were divided into separate positions. Younger people were hired

23   in each position. LOPC did not consider Ms. Teakle for either of the revived positions for which

24   she had been formerly responsible and that involved substantially the same duties as her previous

25   position. LOPC had a continuing need for services which Ms. Teakle was qualified to perform

26   after the reorganization. The conduct of LOPC in terminating Ms. Teakle's employment and

27   replacing her with younger people was contrary to and in violation of the provisions of the

28   ADEA.

{Client Files\30879\4\00083643.DOC}2

1

**Defendant's Statement of Facts**

2      Ms. Teakle was hired by Defendant LOPC in 1981. During her years of employment

3   with LOPC, Ms. Teakle performed various administrative assistant functions. Ms. Teakle was a

4   full-time administrative assistant who was supposed to provide support for Music/Worship and

5   Congregational Care at the time of her termination. Ms. Teakle was employed at will.

6
    Employment at LOPC has always been at-will; LOPC has no practice of terminating employees
7
    only for good cause. As an at-will employee, Ms. Teakle could be terminated at any time, with
8
9   or without cause. LOPC terminated Ms. Teakle's employment on or about July 14, 2006.

10  LOPC did not terminate Ms. Teakle based on her age. Ms. Teakle was terminated because her

11  position, full-time Administrative Assistant providing support to the Music and Worship Director

12  and Congregational Care, was eliminated during a staffing reorganization. After the full-time

13
    Administrative Assistant position was eliminated, LOPC created a new part-time position to
14
15  provide support, both administrative support and project coordination, to the Music and Worship

16  department, a new part-time position to handle certain Congregational Care responsibilities, and

17  assigned certain LOPC publication graphics and layout responsibilities to an independent

18  contractor. LOPC also based its decision to terminate Ms. Teakle in part based on her

19  performance. Ms. Teakle was not meeting performance expectations at the time of her

20  termination. LOPC did not "insist" that Ms. Teakle retire. LOPC offered Ms. Teakle the option

21
    of announcing to the LOPC congregation that she was retiring from LOPC rather than explaining
22
23  that her position had been eliminated during LOPC's reorganization or that she was terminated

24  for failing to perform to expectations. In recognition of her many years of service, LOPC

25  continued to pay Ms. Teakle her salary and benefits for six months following her termination and

26  offered to organize a congregation-wide event in her honor.

27

28

3. **Principal Legal Issues Disputed By Parties:**

1. Whether Defendant LOPC terminated Plaintiff's employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

2. Whether Defendant LOPC willfully violated the ADEA by terminating Plaintiff's employment.

3. Whether Defendant LOPC terminated Plaintiff's employment in violation of an implied-in-fact contract to terminate only for cause.

4. Whether Defendant LOPC's termination of Plaintiff's employment constituted a breach of the implied covenant of good faith and fair dealing.

5. Whether Defendant LOPC wrongfully terminated Plaintiff's employment in violation of the public policy expressed in the ADEA.

6. Whether Plaintiff's employment was terminated due to legitimate business reasons.

7. Whether Defendant LOPC negligently supervised its employees such that age discrimination by Defendant's managers and supervisors was permitted.

8. Whether Defendant LOPC took all reasonable steps necessary to prevent discrimination in the workplace.

9. Whether Defendant LOPC's conduct negligently caused Plaintiff to suffer emotional distress.

10. Whether Plaintiff is entitled to recover compensatory damages as a result of Defendant's conduct.

11. Whether Plaintiff has failed to mitigate her alleged damages.

12. Whether Plaintiff is entitled to an award of reasonable attorneys' fees.

13. Whether Plaintiff is entitled to an award of liquidated damages.

14. Whether Plaintiff's claims are barred by the applicable statutes of limitations or equitable doctrines including, but not limited to, waiver, estoppel, unclean hands or laches.

15. Whether Plaintiff exhausted her administrative remedies before filing this lawsuit.

{Client Files\30879\4\00083643.DOC}4

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

762-8114/AKL/00083643.DOC

**4.    Motions:**

No motions have been filed to date in this action.

Ms. Teakle anticipates filing a motion for summary judgment as to one of more of Defendant LOPC's affirmative defenses, motions in limine, and any necessary discovery motions.

Defendant LOPC anticipate filing a motion for summary judgment, motions in limine, and any necessary discovery motions.

**5.    Amendment of Pleadings:**

The parties do not currently anticipate filing any amended pleadings, though amended pleadings may be filed as new information is learned during discovery.

**6.    Evidence Preservation:**

Ms. Teakle has retained all physical records in her possession.  She does not have any voicemails or other electronically-recorded material relevant to the issues reasonably evident in this action.

Defendant has taken the following steps to preserve relevant evidence:    LOPC's employees were advised to retain all documents and electronically stored information, such as voice mails, e-mails, and word processing documents, that may be relevant to Plaintiff's claims or its defenses and/or is reasonably likely to be requested during discovery.

**7.    Disclosures:**

Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure were exchanged in September 2007.

**8.    Discovery:**

Plaintiff Marilyn Teakle has served requests for production of documents, requests for admission, and special interrogatories, and has taken two depositions and has reserved her right to continue the depositions, if necessary.  Defendant has taken the deposition of Plaintiff and has reserved its right to continue the deposition, if necessary.

762-8114/AKL/00083643.DOC

1  The parties have agreed that California discovery cut-off rules will apply.  Other than
2  that, the parties do not presently anticipate requesting any limitations or modifications of the
3  discovery rules.

**Plaintiff's and Defendant's Proposed Discovery Plan**

5  All parties intend to complete written discovery by March 2008.

6  The parties have agreed that California discovery cut-off rules will apply.  Therefore, fact
7  discovery must be completed 30 days before the initial trial date and expert discovery must be
8  completed 15 days before the initial trial date.

9  **9.  Related Cases:**

10  There are no related cases or proceedings pending before another judge of this court, or
11  before another court or administrative body.

12  **10.  Relief**

13  Ms. Teakle seeks damages for past and future loss of wages and benefits of employment,
14  and interest on the same.  She seeks damages for emotional distress and reasonable attorneys'
15  fees and costs.

16  Ms. Teakle has not located comparable replacement employment.  Ms. Teakle estimates
17  her damages as follows:

18  a) Base wage loss of approximately $20,000 to date, and continuing until Ms. Teakle
19  secures comparable replacement employment;

20  b) Front pay compensation of approximately $150,000 in lieu of reinstatement as Ms
21  Teakle's position has been filled.

22  c) Lost benefits of employment estimated at $20,000.00 to date, and continuing until
23  Ms. Teakle secures comparable replacement employment;

24  d) Emotional distress damages in an amount to be determined, which are ongoing;

25  e) Costs and attorneys' fees, in an amount to be determined following trial, but which
26  will probably exceed $200,000.

{Client Files\30879\4\00083643 DOC}6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

762-8114/AKL/00083643 DOC

11.    **Settlement and ADR:**

The parties have agreed to mediation, and have tentatively agreed that Ruth Glick will serve as mediator.

12.    **Other References:**

The matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13.    **Narrowing of the Issues:**

Plaintiff dismissed Defendants The Synod of the Pacific and Presbytery of San Francisco from this action on or about November 1, 2007.

14.    **Scheduling:**

Both parties seek a trial date in mid to late June 2008. Whatever trial date is chosen, Plaintiff and Defendant agree that the California rules regarding discovery deadlines will apply.

15.    **Trial**

The case will be tried to a jury. The expected length of trial is 7 to 10 court days.

16.    **Disclosure of Non-Party Interested Entities or Persons:**

The parties have filed Disclosures of Non-Party Interested Entities or Persons. Pursuant to Civil L.R. 3-16, the counsels of record for both Plaintiff and Defendant certify that as of this date, other than the named parties, there is no such interest to report.

17.    **Other Matters:**

The parties are not currently aware of any other matters that may facilitate the just, speedy, or inexpensive resolution of this matter.

Dated: 1/7/2008

DONNELLY NELSON DEPOLO &
MURRAY

By: _____
AMY K. LEE
Attorneys for Plaintiff Marilyn Teakle

{Client Files\30879\4\00083643.DOC}7

1

Dated:  1/7/2008

2

SIMPSON, GARRITY & INNES

3

4

By

5

KENDALL BURTON
Attorneys for Defendant Lafayette Orinda
Presbyterian Church

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{Client Files\30879\4\00083643.DOC}8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

762-8114/AKL/00083643.DOC